Citation Nr: 1448528 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 09-48 404 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) 
in Indianapolis, Indiana



THE ISSUE

Entitlement to service connection for claimed bilateral carpal tunnel syndrome, to include as secondary to service-connected bilateral shoulder disability or service-connected right hand disability.



REPRESENTATION

Appellant represented by: Disabled American Veterans



WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

J. Smith, Counsel


INTRODUCTION

The Veteran served on active duty from June 1974 to October 1978.

This matter initially came before the Board of Veterans' Appeals (Board) on appeal of a December 2009 rating decision issued by the RO.

In March 2010, the Veteran was scheduled for a hearing with the Board. He did not attend or request rescheduling. Thus, as previously determined by the Board, the hearing request is deemed to have been withdrawn. See 38 C.F.R. § 20.704.

In April 2010, the Veteran did present testimony at a hearing before a Decision Review Officer (DRO) at the RO. A transcript of the hearing is associated with the claims file.

In May 2012, the Board remanded the matter at bar for further development. 

In July 2013, the Board denied the claim of service connected for bilateral carpal tunnel syndrome. The Veteran appealed this decision to the United States Court of Appeals for Veterans Claims (Court).

In July 2014, the Court vacated the July 2013 Board decision as it pertained to the claim of service connection for bilateral carpal tunnel syndrome and remanded that matter back to the Board for development consistent with the parties' Joint Motion for Remand and to Stay Proceedings (Joint Motion). The remainder of the July 2013 decision was not disturbed.

In May 2014, the Board adjudicated a remaining claim that had been remanded in July 2013.

In June 2014 and July 2014 correspondence, the Veteran raised the issues of service connection for gastroesophageal reflux disease, chronic fatigue syndrome, and posttraumatic stress disorder, as well as the matter of entitlement to a total rating based on individual unemployability by reason of service-connected disability. These issues have not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction and refers them to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2013). 

The appeal is being remanded to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required on his part.


REMAND

In July 2014, the Court vacated the Board's July 2013 decision as to service connection for carpal tunnel syndrome because it relied on an inadequate VA examination of July 2012. 

Specifically, in the Joint Motion, the parties found that the VA examiner failed to consider and discuss whether the degenerative changes of the Veteran's shoulders caused and/or aggravated his carpal tunnel syndrome. 

In rendering the opinion on secondary service connection, the examiner limited the discussion to the Veteran's left shoulder acromioclavicular joint separation and failed to address the disability manifested by arthritis of both shoulders.

The parties in turn determined that an adequate VA examination was needed to decide the appeal

Accordingly, this matter is REMANDED to the AOJ for the following action:

1. The AOJ should have the Veteran scheduled for a VA examination to determine the nature and likely etiology of the claimed bilateral carpal tunnel syndrome.

The Veteran's claims folder must be made available to the examiner for review. All diagnostic testing deemed to be necessary by the examiner should be accomplished.

After examining the Veteran and reviewing the entire record, the examiner should opine as to whether it is at least as likely as not that (50 percent probability or greater), that the disability manifested by bilateral carpal tunnel syndrome was caused or aggravated (permanently worsened beyond normal progression) by the service-connected left and right shoulder disabilities, to specifically include the left shoulder degenerative arthritis and the degenerative changes of the right shoulder, or the service-connected right hand disability

A clear rationale for all opinions must be provided and a discussion of the facts and medical principles involved would be of considerable assistance to the Board.

2. After completing all indicated development, the AOJ should readjudicate the claims remaining on appeal in light of all evidence of record. If any benefit sought on appeal remains denied, a fully responsive Supplemental Statement of the Case should be furnished to the Veteran and his representative and they should be afforded a reasonable opportunity for response.

Thereafter, if indicated, the case should be returned to the Board for the purpose of appellate disposition. 

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).


______________________________________________
STEPHEN L. WILKINS
Veterans Law Judge, 
Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).